SUNDBERG, Justice
(concurring in part and dissenting in part).
In addition to the amendments to the Integration Rule approved by the Court herein, The Florida Bar submitted additional proposed amendments which have been rejected by the majority of the Court. From the majority’s rejection of the following amendments I respectfully dissent:
Rule 11.04
“(6) RECORD AND REPORT OF GRIEVANCE COMMITTEE.
“(a) NO FINDING OF PROBABLE CAUSE. If a grievance committee upon termination of its investigation does not find probable cause, the committee shall dispose of its file in the manner directed by the Board of Governors. If the grievance committee has notified the accused of the investigation, then the committee shall notify the accused of the action of the committee. The failure of a grievance committee to find probable cause shall not preclude further proceedings. Grievance committees may find No Probable Cause as to a complaint and thereafter in the fraternal tradition of the profession admonish the accused attorney to improve any practice or procedure which appears to have contributed to the filing of the complaint. Such admonishments do not constitute a disciplinary record for any purpose and costs shall not be assessed against the accused following a No Probable Cause Admonishment.
(Proposed amendment represented by underlined language.)
A number of grievance committees have employed this practice in the past with beneficial results, particularly in the case of young and inexperienced attorneys. Since such admonitions do not constitute a disciplinary record for any purpose I would grant the flexibility of such practice to grievance committees.
“Rule 11.10
“(3) SUSPENSION. The respondent may be suspended from the practice of law for a» appropriate rime er fer a definite period of time and or for an indefinite period thereafter to be determined by the conditions imposed by the judgment. Definite and indefinite periods of suspension may be included in the same judgment. During such suspension the respondent shall continue to be a member of The Florida Bar but without the privilege of practicing; and upon the expiration of the suspension period and the satisfaction of all conditions accompanying the suspension, the respondent shall become eligible to all of the privileges of membership in The Florida Bar. A suspension ef three months er less shah net require preef ef rehabilitation er satis faetefy passage ef the fherida bar examination-; a suspension ef mere than three menths shah require proof ef rehabhita-tien; No suspension shall be ordered for a specific period of time in excess of *4 three years; one year. Indefinite suspensions which continue for over three year-9 one year shall require proof of rehabilitation and may require satisfactory passage of the Florida bar examination subsequent to the date of suspension. Suspensions for professional incompetence shall require satisfactory passage of the bar examination after the date of suspension. The provisions of this paragraph apply only to suspension imposed after the effective date of this change.
“(4) DISBARMENT. A judgment of disbarment terminates the respondent’s status as a member of the Bar. A former member who has been disbarred may only be admitted again upon full compliance with the rules and regulations governing admissions to the Bar. Except as might be otherwise provided in these rules, no application for admission may be tendered within three years one year after the date of disbarment or such additional period of time as may be prescribed in the disbarment order except that persons disbarred prior to the effective date of this paragraph may not apply for admission until at least three years after the date of disbarment.
(Words in struck through type represent deletions from the existing rule; words underlined represent additions.)
The Florida Bar has concluded, and I believe correctly, that the practical effect of a suspension under the current rules can be far more onerous than disbarment. Consequently the concept of disbarment from the practice of law has lost much of its significance, both practically and in the eyes of the public whose interests are to be protected by the disciplinary program of this Court and The Florida Bar. The proposed rule amendment is intended to shift the emphasis between the two forms of discipline so as to return to the historical and accepted connotations of the respective terms. I would approve this proposal.